MAZZOLA LINDSTROM LLP
Richard E. Lerner
1350 Avenue of the Americas
New York, New York 10019
Tel: (646) 216-8300
richard@mazzolalindstrom.com
*Attorneys for petitioner Parfinim NV*

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>PARFINIM NV,<br><br>               Petitioner,<br><br>    -against-<br><br>Warden Heriberto Tellez, Federal Bureau of<br>Prisons, Metropolitan Detention Center,<br>Brooklyn, New York, as custodian of<br>INIGO PHILBRICK, Inmate No. 05863-093,<br><br>               Respondent.<br>------------------------------------------------------------x | Docket No.: 22-cv-5260<br><br>**Ancillary Proceeding: Petition<br>for a Writ of Habeas Corpus ad<br>Testificandum**<br><br><br><br>Related Proceeding:<br>*U.S. v. Philbrick, 20-cr-00351 (SHS)* |

      COMES NOW petitioner Parfinim, NV, by and through its undersigned attorneys Mazzola Lindstrom LLP, and brings this petition for a writ of habeas corpus ad testificandum directed to the Warden of the Metropolitan Detention Center, requiring the warden to produce for deposition (via video link at the MDC, to be recorded both stenographically and videographically) Inigo Philbrick, inmate number 05863-093, at the soonest practicable time. In support thereof, petitioner, by attorney Richard E. Lerner of the law firm Mazzola Lindstrom LLP, states under penalty of perjury, pursuant to 28 U.S.C. 1746, as follows:

      1.      On November 18, 2021, in the SDNY matter of *U.S. v. Inigo Philbrick*, *20-cr-00351*, Mr. Philbrick pled guilty to wire fraud, Count 1 in the indictment against him, and he was sentenced on May 23, 2022. In sum, Mr. Philbrick's fraud involved a Ponzi-like scheme of

selling (or borrowing against) the same interests in artworks to multiple individuals and entities. Familiarity with the details is assumed. The court will recall that at sentencing Philbrick expressed remorse for his actions and indicated that he intended to be as helpful as possible to his victims.

2. One of many of Mr. Philbrick's fraud victims is Parfinim NV, a company organized under the laws of Belgium. One of the paintings that is the subject of Philbrick's frauds is entitled *Infinity-Nets (RDUEL)*, by Yayoi Kusama (2018).

3. On November 5, 2019, Parfinim filed a lawsuit in the Supreme Court of the State of New York, which (as amended) named the *Infinity-Nets* painting as an *in rem* defendant, and sought a declaration from the court that Parfinim is the full legal and beneficial owner of the painting. The action is now captioned *Parfinim NV and Aiden Fine Arts, Inc. v. Uovo Art, LLC, et al.*, 656534/2019,[1] as, in due course, Aiden Fine Arts intervened in the action, and asserted that it should be declared the owner of the painting. Aiden's principal is Andre Sakhai. (Aiden's counsel consents to Parfinim filing of this ancillary proceeding so that both parties may depose Mr. Philbrick.)

4. On May 19, 2022, this law firm conducted a telephone interview of Mr. Philbrick, during which he provided material information that is highly relevant to the New York state court action, including:

 a) That Sakhai was, in sum, engaged in continuous transactions with Philbrick and was contemporaneously aware when he released possession of *Infinity-Nets* to Philbrick that Philbrick was trying to sell the painting, and that he did in fact sell *Infinity-Nets* to Parfinim. In the state court action, Aiden, through its principal Sakhai, claims to have been an innocent victim of Philbrick, and to remain vested with the full right,

---

[1] The claims against Uovo Art were resolved by so-ordered stipulation. (NYSCEF Docket Entry 71). The issues concerning a different painting by Rudolf Stingel were also resolved (NYSCEF Docket Entry 77); thus the only remaining matter that is unresolved in the state court action is the ownership of the *Infinity-Nets* painting – *i.e.*, whether it is owned by Parfinim or Aiden.

      title and interest in the painting as he placed the painting in Philbrick's possession for purposes of conservation only.

   b) That there is an extant credit list or ledger reflecting the transactional history between Philbrick and Sakhai, which is a running book of very many deals between the two, which notes credits for sales, attributions of profits and losses to Philbrick and Sakhai, and ownership interests in many artworks, and that such credit list reflected Philbrick's sale of *Infinity-Nets* to Parfinim after the sale took place.

   c) That Philbrick's criminal defense attorneys have access to text or Whatsapp messages between Sakhai and him. This is of substantial importance because Sakhai has testified in the state court action that his mobile phone was lost overboard on a boat in Ibiza, Spain, and thus the sole means to obtain such messages is from Philbrick.

5.     Of course, Philbrick's testimony as to what Sakhai knew about the sale of *Infinity-Nets* and when he knew it is critical to the state court proceeding.

6.     Philbrick's criminal defense attorney has been served with a subpoena to obtain copies of the ledger, as well as pertinent emails, text and Whatsapp messages. Aiden's counsel also expects to serve a subpoena upon Philbrick's criminal defense attorney in order to obtain documents.[2]

7.     However, mere possession of the documents will be insufficient, as they must be authenticated in order to be made admissible at the state court trial. Additionally, it is expected that they will require explanation and interpretation in order to be useable.

8.     As Sakhai presented himself as an innocent victim during his deposition, unaware of Mr. Philbrick's onward sale of the work to Parfinim,[3] Mr. Philbrick's testimony will be

---

[2] Parfinim's subpoena was made returnable on July 13, 2022; accordingly, it is respectfully requested that the writ issued by the court designate the deposition for July 27th, or shortly thereafter, when the warden must produce Mr. Philbrick for deposition.

[3] Deposition of Andre Sakhai dated May 18, 2021 (107:4-7): *Q.* Were you aware that my client purchased the work when it was in Mr. Philbrick's account? MR. SCHINDLER: Object to the form. *A.* No.; *id.* (171:24-172:4). *Q.* I think you testified at some point you became aware that Mr. Philbrick had sold the Kusama to my client, Parfinim? *A.* I never said that. MR. SCHINDLER: Object[ion]. *A.* I said I found out from UOVO.

3

critical for the jury to hear, particularly as such testimony may be corroborated by the credit ledger and the Whatsapp messages.

9. We hereby request that both Parfinim NV and Aiden be provided time to depose Mr. Philbrick on the question of the ownership of *Infinity-Nets* and other related topics pertinent to the pending state court action.

10. The factual statements set forth herein are made under penalty of perjury, pursuant to 28 U.S.C. 1746.

## Conclusion

For all the foregoing reasons, it is respectfully requested that the court issue a writ of habeas corpus ad testificandum, in accordance with the form submitted herewith, or in substantial conformance with the version submitted.

Dated: New York, New York
June 22, 2022

Respectfully submitted,

MAZZOLA LINDSTROM LLP

*/s/ Richard E. Lerner*
Richard E. Lerner
1350 Avenue of the Americas
New York, New York 10019
Tel: (646) 813-4345
Cell: (917) 584-4864
richard@mazzolalindstrom.com

| UNITED STATES DISTRICT COURT | Docket No.: |
| SOUTHERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------x

PARFINIM NV,

        Petitioner,

        -against-

Warden Heriberto Tellez, Federal Bureau of
Prisons, Metropolitan Detention Center,
Brooklyn, New York, as custodian of
INIGO PHILBRICK, Inmate No. 05863-093,

        Respondent.

-----------------------------------------------------------x

**Writ of Habeas Corpus ad Testificandum**

Related Proceeding:
*U.S. v. Philbrick, 20-cr-00351 (SHS)*

To:    Warden Heriberto Tellez
        Federal Bureau of Prisons
        Metropolitan Detention Center
        80 29th Street
        Brooklyn, New York 11232

**Good cause having been shown:**

You, Warden Heriberto Tellez, are commanded to produce Inigo Philbrick, inmate number 05863-093, for video deposition at the MDC, such deposition to be recorded remotely by stenographer and by videographer, on the ___ day of July, 2022, commencing at 9:30 am, or on such other date and time as may be reasonably practicable, such testimony being material and necessary to the claims and defenses of the parties to the action entitled *Parfinim NV and Aiden Fine Arts, Inc. v. Uovo Art, LLC*, et al., 656534/2019, filed in the New York State Supreme Court, New York County. The subject of the deposition will be, *inter alia*, as follows:

        The business and personal relationship between Philbrick and Andre Sakhai.
        The business and personal relationship between Philbrick and Parfinim NV's principals.
        The 2018 Yayoi Kusama painting entitled *Infinity-Nets (Rduel)*.
        Sakhai's knowledge of the sale of *Infinity-Nets (Rduel)* to Parfinim, NV.

Accordingly, you, Warden Heribito Tellez, are commanded to make available at the MDC a computer monitor with video camera, to be used by Philbrick during the deposition, with at least five hours permitted for the deposition by each of Parfinim NV and Aiden Fine Arts, Inc, ten hours total.

The deposition may be rescheduled to accommodate practical or logistical concerns, the schedules of the warden, the attorneys for Parfinim NV and Aiden Fine Arts, Inc., and witness Inigo Philbrick himself, as well as (if requested by the witness) his criminal defense attorney Jeffrey Lichtman or other counsel of his choosing.

Dated: New York, New York
June __, 2022

_____
Sidney H. Stein, USDJ-SDNY